# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0234V
Filed: August 28, 2017
UNPUBLISHED

| | |
|---|---|
| MEGHAN LEE HELTON,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs; Influenza<br>(Flu) Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

*Timothy P. Clancy*, Clancy Law Firm, Inc., P.C., Tulsa, OK, for petitioner.
*Amy P. Kokot*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

## I. Relevant Procedural History

On February 17, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").[3] Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a seasonal influenza ("flu") vaccine she received on October 26, 2011. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner filed a civil action on October 21, 2013, which was dismissed on May 19, 2015, and timely filed in this Court consistent with § 11(a)(2)(B).

On May 31, 2016, the undersigned issued a ruling on entitlement, finding petitioner entitled to vaccine injury compensation. ECF No. 16. On February 16, 2017, the undersigned issued a decision awarding petitioner compensation based on the respondent's proffer. ECF No. 39. Petitioner was awarded $145,000.00.

On March 8, 2017, petitioner filed a motion for attorneys' fees and costs, seeking $72,457.50 in attorneys' fees and $2,900.86[4] in costs. Motion for Attorneys' Fees and Costs ("Motion"), filed Mar. 8, 2017, ECF No. 43. In compliance with General Order #9, petitioner submitted a statement that she personally incurred no expenses related to the prosecution of her petition. ECF No. 43-2.[5] Thus, the total requested was $75,358.36.

On March 14, 2017, the undersigned convened a status conference with the parties' counsel to discuss an exhibit filed with petitioner's motion for fees and costs. The exhibit appeared to be a contingency fee contract requiring petitioner to pay a percentage of her damages award for legal services. *See* ECF No. 43-5. During the call, the undersigned informed petitioner's counsel, Timothy P. Clancy, that it was unlawful for attorneys to charge or collect any fees (including costs) in connection with Vaccine Program claims that would be in addition to any amount awarded by the special master. *See* Sched. Order, issued Mar. 15, 2017, ECF No. 44.[6] Mr. Clancy indicated that he understood this prohibition and explained that the contract was executed in conjunction with petitioner's prior civil suit. He submitted the contract for full disclosure. He stated that he would not allow petitioner's Vaccine Program award to be reduced in any way, and subsequently filed affidavits to that regard. ECF No. 47.

During the call, the undersigned also highlighted some deficiencies and problems with the motion itself. Knowing that Mr. Clancy was new to the Vaccine Program, she provided an overview of the fees process and commented on the claimed rates, hours, and costs, noting that the total amount being requested was more than double that typically awarded in similarly situated cases. The undersigned also emphasized the need for substantive support and legal analysis on the issue of hourly rates—something that was all but missing in the motion.[7] Mr. Clancy expressed an understanding of the matters discussed and stated that he would file an amended motion implementing the undersigned's guidance.

On April 20, 2017, petitioner filed an amended motion for attorneys' fees and costs, requesting $48,104.00 in attorneys' fees and $986.30 in costs.[8] Amended Motion

---

[4] Confusingly, the associated entries totaled $4,070.34.

[5] Also filed at ECF No. 48-1.

[6] *See* 42 U.S.C. §300aa-15(e)(3); *see generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] A subsequent order provided detailed guidance. *See* Order, issued Mar. 24, 2017, ECF No. 46.

[8] Petitioner's motion requests $959.77 in costs; however, the receipts total $986.30. The undersigned assumes this discrepancy is a simple error and awards the amount supported by the receipts.

for Attorneys' Fees and Costs ("Am. Motion"), filed Apr. 20, 2017, ECF No. 48.  The amended requested total is $49,090.30.

Respondent filed a response on April 28, 2017.  Respondent's Response ("Resp't's Resp."), filed Apr. 28, 2017, ECF No. 49.  Respondent defers to the undersigned to determine a reasonable amount of fees and costs.  *Id.* at 3.  Petitioner did not file a reply.

The matter of attorneys' fees and costs in this case is now ready for a decision.  For the reasons discussed below, the undersigned further reduces petitioner's request, awarding **$36,078.00** in fees and **$986.30** in costs for a total of **$37,064.30.**

## II.     Legal Standard for Evaluating Attorneys' Fees and Costs

Since petitioner was awarded compensation for her injury, she is entitled to an award of *reasonable* attorneys' fees and costs. § 15(e)(1) (emphasis added).  As the Federal Circuit noted, these fees and costs are "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act.  *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (quoting H.R. REP. NO. 99-908, at 36 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6377).

Attorneys' fees in the Vaccine Program are calculated using the lodestar method, which involves multiplying a reasonable hourly rate by a reasonable number of billed hours.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008).  An attorney representing a petitioner in the Program is paid the forum rate unless the bulk of the work was performed in a locale other than the forum (i.e., District of Columbia), and the local rate is very significantly lower than the forum rate.  *Avera*, 515 F.3d at 1349.  If these two requirements are met, the *Davis* exception applies, and the attorney is paid according to the local rate.  *Id.* (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees.  *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl.Ct. 750, 753 (1991).  They may look to their experience and judgement to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton*, 3 F.3d at 1521.  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl.Ct. 482, 483 (1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam).

Petitioners "bear[] the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson*, 24 Cl.Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484 n.1.

3

Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983).

### III. Analysis

#### A. Determining Reasonable Hourly Rates

In her amended petition, petitioner requests compensation for Mr. Clancy at a rate of $415 per hour, and for an associate attorney, Ms. Myriah S. Downs, at a rate of $225 per hour. Am. Motion at 3. Mr. Clancy has been practicing law for approximately 27 years. ECF No. 48-9 (affidavit). His practice is in Tulsa, Oklahoma, and his specialties include personal injury, Workers' Compensation, and insurance disputes. *Id.* Ms. Downs graduated from law school in 2015 and was licensed to practice that same year, giving her under two years of practice experience. ECF No. 48-10 (affidavit). Ms. Downs is also located in Tulsa, and her specialties include personal injury, tort litigation, and Workers' Compensation. *Id.*

Petitioner asserts that these rates are reasonable, but provides very little support and no legal analysis for why this is so. Indeed, the sole support consists of the two above-cited affidavits, which were one page each. The entirety of the analysis is as follows: "The hourly rate charged in this matter is reasonable and within the range of acceptable hourly rates as established by this court.[9] The hourly rate is reasonable in light of the reasonableness factors articulated in *Avera …, Blum v. Stenson*, and *Burk v. City of Okla. City* [598 P.2d 659 (Okla. 1979)]." Am. Motion at 3.

As mentioned, the undersigned had counseled Mr. Clancy on the need for substantive support and legal analysis on this issue.[10] In fact, the undersigned provided the following specific instruction and guidance:

> Supporting documentation for the requested hourly rates also needs to be provided. Such documentation may include: (1) The firm's retainer fee agreement that incorporates a 'reasonable hourly rate' should the client terminate the agreement; (2) Affidavits of other attorneys who practice in the same community and in the same general field of practice. Such an affidavit should be complete, e.g., include the affiant's geographical location, years of practice, nature of practice. By far the most useful affidavit will be one that states what the affiant charges and receives on an hourly basis and specifies the nature of services provided for that hourly rate. Vague affidavits merely opining that the claimed rate is 'reasonable,'

---

[9] This is a reference to the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016, available at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2015-2016.pdf.

[10] *See* Orders, issued Mar. 15 and 24, 2017, ECF Nos. 44, 46.

>without giving the factual basis for such opinion, are of no value; (3) <u>Relevant</u> case law involving the award of fees; and (4) Studies and surveys of attorneys' fees by a state or local bar.  The information submitted in this regard should be as specific and detailed as possible.  Information showing a broad range of hourly rates, without specifying the types of work performed by the attorneys within that range, will be of little help.

Order, issued Mar. 24, 2017, ECF No.46, at 2-3.

The undersigned also counseled Mr. Clancy regarding the "Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2015- 2016," ("Schedule"), which appears on the Court's website.[11]  The undersigned observed that counsels' requested rates are equal to the highest applicable rates found on the Schedule.  Specifically, Mr. Clancy has approximately 27 years of experience and is claiming a rate of $415, which is the top of the range for attorneys with "20-30 years of experience."  Likewise, Ms. Downs, who has approximately two years of experience, is claiming a rate of $225, which is the top of the range for attorneys with less than 4 years of experience.  The undersigned acknowledged that this could be coincidence, but nevertheless explained that the rates listed on the Schedule are <u>forum</u> rates, and emphasized that petitioner had not yet shown that her counsel qualified for such rates (i.e., there was no evidence or analysis on how Tulsa's legal market compared to the forum, Washington, D.C.).[12]  Moreover, even if counsel were found to qualify for forum rates, numerous other factors would be considered in determining where each attorney's rates should fall within the range.[13]

Finally, the undersigned noted that Mr. Clancy did not utilize a paralegal.  She informed him that he would need to revise his billing records to reflect a reduced hourly rate for any paralegal tasks that he or Ms. Downs performed, as the Program does not pay attorney rates for such work.

Despite all of this very clear instruction, petitioner submitted an amended application that is no better than the original.  Not only is there no analysis or added support, petitioner, without justification, cites to the Schedule as evidence of the reasonableness of her counsels' requested rates.[14]  Petitioner also made no adjustment for paralegal tasks.

---

[11] *See* Order, issued Mar. 24, 2017, ECF No. 46; *see also supra* note 9.

[12] *See Avera*, 515 F.3d 1343 (Fed.Cir.2008).

[13] *See McCulloch v. Sec'y of Health & Human Servs.*, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[14] *See* Am. Motion at 3 (arguing that the hourly rates fall "within the range of acceptable hourly rates as established by this court").

The undersigned does not believe that additional opportunity would produce a different result—petitioner was afforded 90 days to prepare her amended motion, but finished it in less than 30 days. To the undersigned, this indicates petitioner viewed her submission as sufficient, and that its many deficiencies are not due to the press of time.

In light of these circumstances, the undersigned will not make an adjustment to the claimed rates, but will instead look to her experience and judgment in the Program to make a global reduction to the total amount of fees requested. *See Hines*, 22 Cl.Ct. at 753 (special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs"); *see also Hocraffer v. Sec'y of Health & Human Servs.*, 2011 WL 6292218, at *13 (Fed. Cl. 2011), *denying mot. for rev.* 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011) (endorsing a global approach to evaluating fees requests).

### B. Reasonableness of Requested Hours

Petitioner requests compensation for 162.2 attorney hours, of which 61.1 were billed by Mr. Clancy, and 101.1 were billed by Ms. Downs. *See* Am. Motion, ECF No. 48-11 (Exhibit 11) at 14. The undersigned has thoroughly reviewed the billing records; however, a line-by-line evaluation of the fee application is not required, and will not be performed. *See Wasson*, 24 Cl.Ct. at 484. As noted, special masters may rely on their experience in the Program to determine the reasonable number of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests .... [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521. That said, the following issues were of particular concern to the undersigned and worth addressing specifically.

#### 1. Admission to the Bar

Petitioner's counsel billed nearly 10 hours for time spent obtaining admission to the bar of the U.S. Court of Federal Claims ("USCFC"). *See* Am. Motion, ECF No. 48-11 (Exhibit 11) at 2-5.[15] Fees and costs related to counsel's bar admission are not compensable. *See Raymo v. Sec'y of Health & Human Servs.*, 2016 WL 7212323, at *12 (Fed. Cl. Spec. Mstr. Nov. 2, 2016), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).[16]

#### 2. Research Regarding the Vaccine Program

Petitioner's counsel billed approximately 30 hours for time spent researching the Vaccine Program, including its rules, procedures, guidelines, and case law. *See* ECF

---

[15] *See, e.g.*, entries dated: April 29, 2015; May 19, 2015; September 5, 2015; January 14 and 21, 2016; February 4, 2016.

[16] *See also, e.g.*, *Oswalt v. Sec'y of Health & Human Servs.*, 2011 WL 2149932 (Fed. Cl. Spec. Mstr. May 2, 2011) (denying fees for time spent preparing application for admission to the USCFC bar); *Ceballos v. Sec'y of Health & Human Servs.*, 2004 WL 784910 (Fed. Cl. Spec. Mstr. Mar. 25, 2004) (the admission fee for the USCFC bar is not recoverable).

No. 48-11 (Exhibit 11) at 1-14.[17]  It is well established in the Vaccine Program that such time is not compensable.  *See Matthews v. Sec'y of Health & Human Servs.*, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016) (stating that "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program"); *Carter v. Sec'y of Health & Human Servs.*, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007) ("An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar.  If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task.").

### 3. Excessive Billing

Petitioner's counsel engaged in excessive billing, including 6.4 hours of time for work pertaining to General Order #9.[18]  *See* ECF No. 48-11 (Exhibit 11) at 7-12.[19]  The undersigned does not see how it could take anywhere close to that amount of time to gather the necessary information and draft and file a one-sentence statement.[20]  Similarly, petitioner's counsel billed 3.7 hours to produce a four-sentence motion to amend the case caption.[21]  *Id.* at 11.[22]

The undersigned has previously reduced the fees paid to petitioners for such excessive and duplicative billing.  *See, e.g.*, *Raymo*, 2016 WL 7212323, at *15-19 (reduced overall fee award by 20-40 percent due to excessive and duplicative billing).

### 4. Paralegal Tasks

Petitioner's counsel billed at least 16.8 hours of paralegal tasks at a full attorney rate.  These tasks included requesting various records, creating and revising the exhibit list, preparing and filing exhibits, and other miscellaneous filing activities.  *See* ECF No. 48-11 (Exhibit 11) at 1-14.[23]

---

[17] *See, e.g.*, entries dated: April 24 and 25, 2015; December 9-11, 2015; January 20-25, 2016; February 3, 2016; March 11 and 31, 2016; June 17, 23, and 30 2016; July 13, 18, and 21, 2016; October 11 and 14, 2016; February 10, 2017.  The research included an unusually high number of information-seeking telephone calls to the court (at least 4.7 hours of attorney time billed).  *See, e.g.*, entries dated: January 20 and 21, 2016; February 23, 2016; March 4, 2016; June 23, 2016; October 14 and 17, 2016; March 1, 8, and 24, 2017.

[18] General Order #9 requires a signed statement from petitioner stating whether she has personally incurred any fees or costs related to the prosecution of her claim.

[19] *See, e.g.*, entries dated: July 13, 15, 18, 19, 22, and 25, 2016; March 2, 2017.

[20] *See* General Order #9 Statement, filed Apr. 20, 2017, ECF No 48-1.

[21] *See* Motion to Amend, filed Feb. 10, 2017, ECF No. 36.

[22] *See* entries dated: February 9 and 10, 2017.

[23] *See, e.g.*, entries dated: September 22 and 23, 2014; January 15, 25, and 26, 2016; February 3, 4, 17, and 19, 2016; April 25, 26, and 29, 2016; May 2, 2016; July 22 and 25, 2016; October 12, 2016; March 2 and 24, 2017.

     The Vaccine Program does not pay attorney rates for tasks that do not require the expertise of an attorney. *See Doe/11 v. Sec'y of Health & Human Servs.*, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) ("[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed."); *Riggins v. Sec'y of Health & Human Servs.*, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009) ("Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate.").

### C. Reduction of Requested Fees

     For the foregoing reasons, and to bring the fees to within the range of what is typically awarded for a similarly situated case,[24] the undersigned reduces petitioner's amended request by 25 percent. *See, e.g., Willett v. Sec'y of Health & Human Servs.*, 2017 WL 3298983 (Fed. Cl. Spec. Mstr. June 2, 2017) (reducing fee award by 20 percent); *Raymo*, 2016 WL 7212323 (reducing fee award by 20-40 percent); *Barry v. Sec'y of Health & Human Servs.*, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing fee award by 10 percent); *Ericzon v. Sec'y of Health & Human Servs.*, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reducing fee award by 10 percent). **This results in a reduction of $12,026.00.**[25]

### D. Costs

     Petitioner requests reimbursement for attorney costs in the amount of $986.30. The undersigned finds no cause to reduce the request and awards the full amount.

## IV. Conclusion

The undersigned awards petitioner the following for attorneys' fees and costs:

| | |
|---|---:|
| Requested attorneys' fees: | $48,104.00 |
| Reductions (25 percent) | - 12,026.00 |
| **Adjusted Fees Total:** | **$36,078.00** |
| | |
| Requested attorneys' costs: | $986.30 |
| Reductions | - 0.00 |
| **Adjusted Costs Total:** | **+ $986.30** |
| | |
| **Total Attorneys' Fees and Costs Awarded:** | **$37,064.30** |

---

[24] Petitioner's case was not complicated, being uncontested and resolved by proffer.

[25] Had the undersigned conducted a line-by-line evaluation, the reduction would have been greater.

**Accordingly, the undersigned awards a total of $37,064.30,[26] representing reimbursement for all attorneys' fees and costs, in the form of a check jointly payable to petitioner and petitioner's counsel, Timothy P. Clancy.**

The clerk of the court shall enter judgment in accordance herewith.[27]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[26] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[27] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.